IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CORA CANADY, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:22-CV-1007-E-BK |
| | § | |
| U.S. DEPARTMENT OF HOUSING AND | § | |
| URBAN DEVELOPMENT, | § | |
|     DEFENDANT. | § | |

**AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(c) and *Special Order 3*, this case was automatically referred to the United States magistrate judge for pretrial management. The cause is now before the Court on Defendant's *Motion to Dismiss*, Doc. 6, and Plaintiff's *Motion in Support to Remand*, Doc. 8. For the reasons that follow, Plaintiff's motion should be **DENIED**, and Defendant's motion should be **GRANTED**.

**I. BACKGROUND**

In March 2022, Plaintiff, proceeding *pro se*, filed in state court a "Motion for Judicial Review of Documentation or Instrument Purporting to Create a Lien or Claim," stating that she "want[ed] to file a claim against [the U.S. Department of Housing and Urban Development]." Doc. 1-5 at 1-3. The dispute appears to stem from a purported lien placed on property once owned by her mother. Doc. 1-5 at 1. It further appears that Plaintiff filed the action pursuant to a Texas statute which authorizes the initiation of an "action on [a] fraudulent lien on [a]property" when a person has reason to believe that a document purporting to create a lien or claim against real property in which the person has an interest is fraudulent. Doc. 1-5 at 1; Doc. 1-6; *see* TEX.

GOV'T CODE § 51.903(a) (specifying that a party shall file the action in district court in the suggested form of a Motion for Judicial Review of Documentation or Instrument Purporting to Create a Lien or Claim).

Defendant removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1), which authorizes the removal from state court of any civil action against "[t]he United States or any agency thereof or any officer (or person acting under that officer) of the United States or of any agency thereof . . . for or relating to any act under color of such office." Defendant now moves to dismiss Plaintiff's complaint pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 6. Plaintiff did not file a response to Defendant's motion, and instead filed the instant motion for remand. Doc. 8.[1]

## II. APPLICABLE LAW

### A. Subject Matter Jurisdiction

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional authority to adjudicate the claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Where a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, courts should consider the "jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The Court must first address subject-matter jurisdiction because, without it, the case

---

[1] Because Defendant properly removed the case based on the federal officer/agency removal statute, Plaintiff's *Motion in Support to Remand*, Doc. 8, should be summarily **DENIED**.

can proceed no further. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999); *Ramming, 281 F.3d at 161*. In considering a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted).

   *B. Service of Process*

   "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (per curiam). Service on the United States is accomplished by (1) delivering or sending a copy of the summons and complaint by registered or certified mail to the United States attorney for the applicable district; and (2) sending a copy of the summons and complaint by registered or certified mail to the United States attorney general. *See* FED. R. CIV. P. 4(i)(1). When "a plaintiff fails to serve the defendant properly within 120 days of filing the complaint, upon motion of the defendant or *sua sponte* by the court with notice to the plaintiff, the action shall be dismissed without prejudice unless the plaintiff shows good cause for failure to complete service." *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993) (per curiam); FED. R. CIV. P. 4(m). When service of process is challenged, "the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam) (citations omitted).

## III. ANALYSIS

Defendant argues (1) the Court lacks subject matter jurisdiction to hear this case because sovereign immunity and derivative jurisdiction bar Plaintiff's claims; (2) Plaintiff failed to properly effect service of process; and (3) the complaint fails to state a claim on which can be granted. Doc. 6, passim. Because Defendant's first two arguments present a sufficient basis for dismissal, the Court pretermits discussion of the merits of Plaintiff's claim.

*A. Sovereign Immunity*

"A plaintiff may only sue the United States if a federal statute explicitly provides for a waiver of sovereign immunity. The United States must consent to be sued, and that consent is a prerequisite to federal jurisdiction." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012) (citing *Delta Com. Fisheries Ass'n v. Gulf of Mex. Fishery Mgmt. Council*, 364 F.3d 269, 273 (5th Cir. 2004)). A plaintiff bears the burden of showing a waiver of immunity. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). The government's waiver of sovereign immunity "must be unequivocally expressed in statutory text" and "will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Moreover, a waiver of immunity must be "strictly construed, in terms of its scope, in favor of the sovereign." *Id.* (citations omitted).

Given her failure to respond to Defendant's motion to dismiss, Plaintiff points to no statutory or other provision which suggests that Defendant has waived sovereign immunity with respect to proceedings brought under the applicable state statute. Accordingly, Plaintiff has not satisfied her burden of demonstrating that Defendant waived its entitlement to sovereign immunity. *Freeman*, 556 F.3d at 334.

*B. Service of Process*

Plaintiff purported to effectuate service of process on Defendant on April 4, 2022, by serving a private attorney at his place of business. Doc. 1-10. This is clearly insufficient to establish service on Defendant as required by Rule 4(i)(1). Because Plaintiff failed to respond to Defendant's motion to dismiss or demonstrate good cause for her failure to timely effect proper service, Defendant's motion should be granted. *See Sys. Signs Supplies*, 903 F.2d at 1013; *Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2013 WL 4874115, at *3 (N.D. Tex. May 20, 2013) (Ramirez, J.) (finding dismissal without prejudice under Rule 12(b)(5) proper where plaintiffs failed to respond to the dismissal motion or attempt to demonstrate good cause for their failure to effect proper service), *adopted by* 2013 WL 4874115 (N.D. Tex. June 28, 2013) (Lynn, J.).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's *Motion in Support to Remand*, Doc. 8, should be **DENIED**, Defendant's *Motion to Dismiss*, Doc. 6, should be **GRANTED**, and Plaintiff's complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and failure to effect timely service of process.

**SO RECOMMENDED** on February 10, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).